UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LOUANNA STUBBS-DANIELSON,<br><br>         Plaintiff,<br><br>  v.<br><br>JO ANNE B. BARNHART, Commissioner of<br>Social Security Administration,<br><br>         Defendant. | CASE NO.    C06-5212JKA<br><br>ORDER AFFIRMING<br>ADMINISTRATIVE DECISION |

      This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter has been briefed and after reviewing the record, the Court affirms the Social Security Administration's decision denying plaintiff's application for social security benefits.

      Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision denying plaintiff's application for disability insurance benefits. Specifically, plaintiff argues (1) the ALJ erred in failing to resume an ongoing disability and failing to apply the doctrine of res judicata due to Plaintiff's previous disability status; (2) the ALJ improperly rejected medical opinions from Plaintiff's treating and examining physicians; (3) the ALJ improperly rejected Plaintiff's testimony; and (4) the ALJ failed to meet his burden of identifying specific jobs which the Plaintiff could perform. After reviewing the record, the court finds and orders as follows:

      1. This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less

ORDER
Page - 1

than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984). Here, the ALJ's decision is properly supported by substantial evidence and free of legal error.

2. Plaintiff's was previous found disabled by the social security administration; however, Plaintiff's benefits were terminated when she was incarcerated for a period of approximately six years. Her benefits terminated in August 1995. In 2002, and again in 2002, Plaintiff reapplied for disability benefits, and Plaintiff argues the doctrine of res judicata should apply, i.e., that the administration should honor her prior disability status and grant her more recent applications. The court is not persuaded by Plaintiff's argument.

Plaintiff is not entitled to any presumption or res judicata based on her earlier receipt of social security benefits when she was incarcerated for a period of more than twelve months. The administration's regulations state that a beneficiaries benefits are suspended when the beneficiary is incarcerated, and after 12 months of continuous suspension benefits are terminated with no indication of a presumption of continuing disability if a new application is filed at a later date. 20 C.F.R. §§ 416.1325, 416.1335. The Ninth Circuit supported this regulation in Warren v. Bowen, 804 F.2d, 1120, 1121 (9th Cir. 1986), *amended by* 817 F.2d 63 (99th Cir. 1987), where the court found the claimant was not entitled to a presumption of continuing disability when she reapplied for benefits a year after the Commissioner terminated her benefits for non-medical reasons.

3. The ALJ properly evaluated Plaintiff's testimony. The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority on evaluating plaintiff's subjective complaints of pain. Bunnell requires the ALJ findings to be properly supported by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)).

Here, the ALJ sufficiently explained his reasons for discrediting plaintiff's testimony or credibility with regard to her alleged disabilities and inability to do any work. The ALJ explained:

In making this assessment, the undersigned must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 CFR § 416.929, Social Security Rulings 88-13 and 96-7p, and appropriate case law. A valid assessment of the claimant's credibility concerning his symptoms and subjective complaints of pain includes, at a minimum, the following: (1) activities of daily living; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness and side-effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, for relief of pain or other symptoms; (6) measures used to relieve pain or other symptoms; and, (7) other factors concerning functional limitations and restrictions due to pain or other symptoms.

Although it is clear that the claimant does have underlying medical conditions which could reasonably result in the symptoms she alleges if she attempted to exceed her residual functional capacity as set forth below, the claimant's allegations as to the intensity, persistence and limiting effects of her symptoms are disproportionate and not supported by the objective medical findings nor any other corroborating evidence. The record reflects that the claimant has normal activities of daily living, including cooking, house cleaning, doing laundry, and helping her husband in managing finances. In addition, she drives, plays video games, goes camping, reads mystery novels and has hobbies including embroidery, crocheting, quilting, woodcarving, and working with plastic. She also socializes normally, visiting and talking on the phone with family members and friends, and attending church dinners. These activities tend to suggest that the claimant may still be capable of performing the basic demands of competitive, remunerative, unskilled work on a sustained basis. Furthermore, the evidence indicates that the claimant receives minimal treatment for her conditions. She takes no psychotropic medications, and uses over-the-counter remedies for her occasional episodes of pain. Bryce McCollum, Psy.D., provides monthly counseling services, and his clinical notes reflect her condition is stable and that she continues to work at being "appropriate" (Exhibit 7F). Thus, considering the entire case record, the undersigned cannot find her allegations concerning her inability to work to be sufficiently credible to serve as additive evidence to support a finding of disability.

The undersigned must also consider any medical opinions, which are statements from acceptable medical sources, which reflect judgments about the nature and severity of the impairments and resulting limitations (20 CFR § 416.927, and Social Security Rulings 96-2p and 96-6p). The record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even has limitations greater than those determined in this decision. Dr. McCollum first examined the claimant on December 27. 2002, when he administered a consultative intellectual assessment. At that time he diagnosed her low average to borderline intellectual functioning and estimated her global assessment of functioning (GAF) score to equal 60, which denotes a mild to moderate impairment in social or occupational functioning (Exhibit 2F). On July 22, 2003, Richard Jessol, Ph.D. at Skamania County Mental Health performed an initial intake evaluation, estimating her GAF to equal 55, which also denotes a moderate impairment in social or occupational functioning (Exhibit 7F). Finally, on August 31, 2005, Dr. McCollum completed a Mental Residual Functional Capacity assessment form in which he opined that the claimant experiences moderate limitations in her ability to understand, remember and carry out detailed instructions, to maintain attention and concentration for extended periods, to complete a normal work day and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, to interact appropriately with the general public, to respond appropriately to changes in the work setting and to set realistic goals or make plans independently of others. However he offered no opinion as to the claimant's ability to perform the basic demands of competitive, remunerative, unskilled work on a sustained basis (Exhibit 11F). A psychological consultant examined the record for the Agency on May 5, 2003, concluding that the claimant experienced moderate restrictions in her activities of daily living, moderate

difficulties in maintaining social functioning and moderate difficulties in maintaining concentration, persistence and pace (Exhibit 5F). The psychological consultant concluded in an assessment of the claimant's mental residual functional capacity that she would experience moderate limitations in her ability to understand, remember and carry out detailed instructions, to maintain attention and concentration for extended periods, to interact appropriately with the general public, and to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness. Finally, the psychological consultant opined that the claimant could perform simple, routine, repetitive work, not requiring public interaction (Exhibit 6F).

None of the claimant's treating medical sources offered an opinion on her physical residual functional capacity. Lawrence Neville, M.D., performed a consultative medical examination of the claimant on April 19, 2003, and opined that she could perform a limited range of medium work (Exhibit 4F). A medical consultant examined the record for the Agency on April 29, 2003, concluding that the claimant retained the residual functional capacity to lift and carry fifty pounds occasionally and twenty-five pounds frequently. Furthermore, the claimant could sit, stand and walk for up to six hours during an eight-hour day. The medical consultant also concluded that the claimant should not use ladders, ropes and scaffolds, and was limited to only occasional climbing, balancing, and stooping. Finally, the medical consultant concluded that the claimant had no other functional or environmental limitations (Exhibit 3F).

(Tr. 19-20).

In sum, the ALJ legitimately relied primarily on the medical evidence and plaintiff's daily activities to discredit her allegations of total disability. The court finds the ALJ properly assessed Plaintiff's testimony.

4. The ALJ is entitled to resolve conflicts in the medical evidence. <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. <u>Walden v. Schweiker</u>, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. <u>Murray v. Heckler</u>, 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." <u>Lester v. Chater</u>, 81 F.3d 821, 831 (9th Cir. 1996). In <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.

Here, Plaintiff argues the ALJ improperly rejected the opinions from her treating and examining

doctors.  Specifically, Plaintiff argues the opinions of Dr. McCollum, Dr. Eather and Dr. Neville support limitations greater to those found by the ALJ.

As noted above (in discussing Plaintiff's credibility),  the ALJ reviewed the medical evidence (along with Plaintiff's testimony) and concluded that Plaintiff retained the functional capacity to perform simple, routine, repetitive sedentary work, requiring no interaction with the public.  After reviewing the record, the undersigned finds the ALJ's assessment of the medical evidence is based on substantial evidence in the record.

Dr. McCollum is considered Plaintiff's treating physician, The ALJ noted Dr. McCollum's examination in 2002, when Dr. McCollum opined that Plaintiff showed good persistence, but a slow pace in thought and action (Tr. 126). In May 2003, Bruce Eather, Ph.D., a State agency reviewing psychologist, noted Dr. McCollum's observation about Plaintiff's slow pace and likewise found she had several moderate mental limitations, but nevertheless indicated she could perform simple work without public contact (Tr. 154-56). In July 2003, Dr. Jessol evaluated Plaintiff, diagnosed her with an adjustment disorder with depressed mood, and stated that should would fairly soon benefit from counseling and resumption of her thyroid medication (Tr. 169-72). In August 2005, Dr. McCollum indicated Plaintiff had various mild or moderate limitations in understanding and memory, concentration and persistence, social interaction, and adaptation (Tr. 196-97). The ALJ noted that Dr. McCollum did not indicate whether Plaintiff could perform unskilled work on a sustained basis, but Dr. Eather did by limiting Plaintiff to simple, routine, repetitive work without public interaction (Tr. 20-21). Based on Dr. Eather's opinion, which incorporated several moderate mental limitations, the ALJ's residual functional capacity finding of simple, routine, repetitive work adequately captured Plaintiff's mild and moderate mental functional limitations.

The ALJ did not reject the medical opinions as argued by Plaintiff.  The ALJ used the same opinions and medical evaluations to formulate his conclusions.  The court notes Plaintiff's interpretation of the opinions of Dr. McCollum, Dr. Eather, and Dr. Neville, but significantly the differences between Plaintiff's interpretation and the interpretation of the same opinions by the ALJ emphasizes the potential conflict in the evidence.  The ALJ, not the court, is entitled to resolve such conflicts.

5. Finally, Plaintiff argues the ALJ failed to carry the administration's burden of showing that

1  Plaintiff is capable of performing certain work within the national economy.  It is the administration's
2  burden to show that the plaintiff can perform other substantial gainful work that exists in the national
3  economy.  Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998).  The ALJ's use or reliance on a
4  Vocational Expert is a common method for establishing the existence of such jobs. *See* Moore v. Apfel,
5  216 F.3d 864, 869 (9th Cir. 2000).  The ALJ's findings will be upheld where the weight of the medical
6  evidence supports the hypothetical questions posed by the ALJ.  Martinez v. Heckler, 807 F.2d 771 (9th
7  Cir. 1986).  A vocational hypothetical must set forth all the reliable limitations and restrictions of the
8  particular claimant that are supported by substantial evidence. See Osenbrock, 240 F.3d at 1162-63;
9  Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989). Although the hypothetical may be based on
10 evidence which is disputed, the assumptions in the hypothetical must be supported by the record.  Andrews
11 v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)(*citing* Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir.
12 1984)).

13       The ALJ, relying on the vocational expert testimony, concluded Plaintiff was capable of performing
14 work as a small products assembler or a packager/sorter.  The hypothetical posed to the Vocational Expert
15 in this matter contained all of the limitations and impairments properly considered by the ALJ.  Plaintiff's
16 argument that the ALJ failed to pose a proper hypothetical that included all of Plaintiff's impairments is
17 premised on the arguments that the ALJ erred when the ALJ evaluated the medical evidence and Plaintiff's
18 credibility.  As discussed above, the ALJ did not err as argued by Plaintiff.   The Vocational Expert testified
19 that a person with Plaintiff's residual functional capacity, as assessed by the ALJ, could perform those types
20 of sedentary jobs.  The court is not persuaded by Plaintiff's argument that the jobs identified by the
21 vocational expert were not specific enough to rely upon by the ALJ to carry the administrative burden.

22       6. Accordingly, the Court AFFIRMS the Social Security Administration's final decision and this
23 matter is DISMISSED in favor of defendant.

24       DATED this 27th day of December 2006.

25                                   */s/ J. Kelley Arnold*
                                  J. Kelley Arnold
26                                   U.S. Magistrate Judge